# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

ELMER W. GERMAN, PLAINTIFF

V. NO. 2:05CV74-GHD-EMB

CORRECTIONS CORPORATION OF AMERICA, DEFENDANT

## REPORT AND RECOMMENDATION

On July 19, 2005, the *pro se* plaintiff, Elmer W. German, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Plaintiff is currently confined at the Tallahatchie County Correctional Facility in Tutwiler, Mississippi. The Complaint alleges plaintiff was injured when he fell from his top bunk in August 2004. Immediately following the accident, he was examined at the medical unit and released. During the *Spears* hearing, plaintiff testified that X-rays were done after he initiated the prison's grievance process. He said he was told nothing was wrong with him. Plaintiff claims he continues to suffer from low back pain, and states he requires a bottom bunk. He also wants his pain medication changed for fear of liver and kidney damage.

As an initial matter, plaintiff's claims against Corrections Corporation of America should be dismissed, as it is not a proper defendant to a § 1983 complaint.

In order for plaintiff to prevail on his Eighth Amendment claim for denial of adequate medical care, he must allege facts which demonstrate "deliberate indifference to . . . [a] serious medical need[] . . . [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by

the Eighth Amendment . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle*, 429 U.S. at 105; nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference, *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir.1991); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)("negligent medical care does not constitute a valid section 1983 claim."). Further, medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995).

By his own admission, prison officials immediately treated plaintiff following his injury. Moreover, plaintiff's medical records contain numerous sick call requests indicating plaintiff was consistently given ibuprofen for his back pain. Also, an X-ray report dated September 24, 2004, indicates he suffered no fractures, and there were no significant degenerative changes. Based on this, plaintiff has failed to adequately allege prison officials were deliberately indifferent to a serious medical need; and his mere dissatisfaction with the treatment provided him does not rise to the level of a constitutional claim. Accordingly, it is recommended that the Complaint be dismissed for failure to state a claim.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event

any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 20th day of July, 2005.

**/s/ Eugene M. Bogen**
**UNITED STATES MAGISTRATE JUDGE**